DUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 5:13-cv-124-KKC

CHARLES EDWARD ADAMS, JR.,                                              PLAINTIFF,

V.         **MAGISTRATE JUDGE'S REPORT
            AND RECOMMENDATION**

RODNEY BALLARD, et al.,                                                 DEFENDANT.


I. INTRODUCTION

This matter has been referred to the undersigned to manage discovery and to enter a report and recommendation on any dispositive motions. [R. 34]. The matter is currently before the undersigned on the *pro se* Plaintiff's Motion for Summary Judgment [R. 32], and the Defendants' Motion for Summary Judgment [R. 30]. For the reasons stated herein, it is recommended that the Plaintiff's Motion for Summary Judgment [R. 32] be DENIED and the Defendants' Motion for Summary Judgment [R. 30] be GRANTED.

II. FACTUAL & PROCEDURAL BACKGROUND

The Plaintiff, Charles Edward Adams, Jr. ("Adams"), is federal inmate currently incarcerated at the United States Penitentiary, Canaan, in Waymart, Pennsylvania. [R. 1]. The Plaintiff is serving a forty eight month sentence imposed by the United States District Court for the Eastern District of Kentucky, for violations of 18 U.S.C. § 1513(b)(2), retaliating against a witness. [R. 45]. Prior to his incarceration at Canaan, he was incarcerated at the Lexington Fayette Urban County Government Detention Center ("Fayette County Detention Center"). This action arises from an incident that

occurred at the Fayette County Detention Center on December 8, 2012, when Plaintiff slipped and fell on a slick spot on the floor of a common area, causing him to chip his tooth. [R. 1]. Plaintiff alleges that the wet floor should have had a posted warning sign. Id. at 1-2.

After his slip and fall, Plaintiff claims that he informed the unit officer of the accident. Id. The officer then contacted the medical department, filled out an incident report and advised the Plaintiff to fill out a "sick call slip." [Rs. 1, 35-1]. Approximately one week later, the Plaintiff was seen by the medical staff and was told by the attending dentist that nothing could be done about his chipped tooth because the facility was not equipped to handle cosmetic dental work. [R. 1 at 2-3]. Plaintiff claims that he filed numerous grievances were filed, yet was consistently told that no cosmetic dental work was available. Id. at 3.

On May 2, 2013, Plaintiff filed a *pro se* complaint in the U.S. District Court for the Eastern District of Kentucky against the Jailer, Head of the Medical Department, Inmate Service Counselor, Captain, Fayette County Detention Center, and the U.S. Marshal Service for negligence and violations of his Due Process rights[1] under the Fifth and Fourteenth Amendments along with violations of his Eighth Amendment right against cruel and unusual punishment. [R. 1].

On October 28, 2013, the Court dismissed all parties, except for the Head of Medical, Gary Blair, the Inmate Service Counselor, Rosita Rodriguez, the Fayette County Detention Center, and the Captain, Robert Simpson. [R. 9]. The order further stated that these named individuals could only be sued in their individual capacities and not as representatives of the detention center. Id. at

---

[1] Although the Plaintiff claims that his Due Process rights were violated, he makes no argument under this claim. [Rs. 1, 32]. As, "[c]onclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment," the Court will not further address the Plaintiff's Due Process claim. Pearce v. Faurecia Exhaust Sys., Inc., 529 F. App'x 454, 458 (6th Cir. 2013).

8. On June 25, 2014, the Defendants moved for summary judgment claiming that the Plaintiff's claims did not amount to a deprivation of rights and even so, they are entitled to qualified immunity. [R. 30]. On November 21, 2014, the Plaintiff filed his own motion for summary judgment. [R. 32]. Now ripe for consideration, the Court will examine each claim on its merits.

### III. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Also, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989). Having reviewed the record, and the pleadings submitted by the Plaintiff, and the moving Defendants, the Court finds that there is no genuine issue of material fact, and that the Defendants are entitled to summary judgment on the Plaintiff's claims.

A.   <u>Defendants are entitled to summary judgment because Plaintiff has failed to establish a question of fact regarding an Eighth Amendment violation.</u>

Defendants are entitled to summary judgment because Plaintiff has failed to show that a question of fact exists regarding whether the conditions at the Fayette County Detention Center rise to the level of a an Eighth Amendment violation. Eighth Amendment claims challenging conditions of confinement are subject to a two-part test, containing an objective component, as well as a

3

subjective component. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  To succeed on a claim under the Eighth Amendment, a plaintiff must show that there was a serious medical need and the prison official, subjectively, had a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834.  Here, the record fails to show that a question of fact exists regarding either the objective and subjective components.

### 1. Plaintiff's chipped tooth is not a sufficiently serious medical condition to satisfy the objective component of Plaintiff's Eighth Amendment claim.

Viewing the evidence before the Court in the light most favorable to Plaintiff and accepting his factual allegations as true, Plaintiff has failed to establish that his chipped tooth was a sufficiently serious medical condition, which failure to remedy, would constitute a violation his Eighth Amendment rights.  As noted above, the objective component of the deliberate indifference standard requires "the existence of a sufficiently serious medical need." Blackmore v. Kalamazoo Cnty., 390 F.3d 890, 895 (6th Cir. 2004).  When an Eighth Amendment claim is based on an obvious medical need that has been "left completely untreated, 'the delay alone in providing medical care creates a substantial risk of serious harm.'" Cobbs v. Pramstaller, 475 F. App'x 575, 580 (6th Cir. 2012) (citations omitted) (internal quotation marks omitted). By contrast, when an Eighth Amendment claim is "based on a prison's failure to treat a condition *adequately* . . . a plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." Id. (citations omitted) (internal quotation marks omitted); see also Blosser v. Gilbert, 422 F. App'x 453, 460 (6th Cir. 2011).

Plaintiff contends that his chipped tooth was a serious medical condition and that the Defendants were required under the Eighth Amendment to fix his tooth. [R. 32 at 2].  In his complaint, the Plaintiff stated that he was seen by the in-house dentist a week after his slip and fall

accident. [R. 1]. According to the Plaintiff, the dentist told him that his chipped tooth could use repair, but that cosmetic dental work was not performed at the facility. [R. 32 at 3]. Plaintiff also stated that the dentist advised him that an extraction was not necessary and that, "the tooth was healthy and only needed to be capped or crowned." Id.

The Plaintiff's condition does not rise to a serious medical need under the Eighth Amendment. By his own admission, the tooth remains healthy and, at most, could use a cap. Under the Eighth Amendment, a serious medical need requires the risk of serious substantial harm if left untreated which is not present here. In addition, the Plaintiff has failed to include any evidence to show that, if left without his desired treatment, he would suffer detrimental consequences. Thus, Plaintiff has failed to provide sufficient evidence to establish that a question of fact exists regarding the existence of a serious medical need, and fails to satisfy the objective component of his Eighth Amendment claim. For this reason Defendants are entitled to summary judgment on his Eight Amendment claim.

### 2. Plaintiff has failed to demonstrate that a question of fact exists regarding whether Defendants were deliberately indifferent to his health and safety.

Turning to the subjective component of Plaintiff's Eighth Amendment claim, the Defendants are entitled to summary judgment if there is no question of fact regarding whether prison officials acted with "deliberate indifference to inmate health or safety." Farmer, 511 U.S. at 834. Deliberate indifference is shown when a defendant's conduct evidences "deliberateness tantamount to an intent to punish." Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir. 1993) (quoting Molton v. City of Cleveland, 839 F.2d 240, 243 (6th Cir. 1988)). Put another way, deliberate indifference may be proven when a defendant's actions amount to an "unnecessary and wanton infliction of pain . . . or acts repugnant to the conscience of mankind." Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

However, "an inadvertent failure to provide adequate medical care" does not violate the Eighth Amendment. Id. at 105.

Plaintiff contends that the Defendants exhibited deliberate indifference to his serious medical needs by not putting forth a satisfactory effort to help him receive a cap for his chipped tooth. [R. 32]. In support of this argument, Plaintiff states that, "Defendants Simpson and Rodriguez did not act with the capacity they were entitled and were therefore negligent." [R. 32 at 3-4]. He also states that, "[a]lthough the Defendants may not have had the ability or authority to direct a dental procedure be performed...they were aware of the options available to repair Adams' [sic] to, and could have assisted him in getting proper dental treatment. They did not attempt to do so at all and that is negligence." Id. at 3.

Defendants are entitled to summary judgment on any claims related to Plaintiff's medical care because Plaintiff has presented no evidence that the Defendants had any personal involvement in Plaintiff's medical treatment and decisions. see Dajani v. Montgomery Cnty., Ky., 59 F. App'x 740, 747-48 (6th Cir. 2003) (No liability found where plaintiff failed to present evidence of defendants' actual knowledge of medical decision.); see also Estate of Young v. Martin, 70 F. App'x 256, 261 (6th Cir. 2003); Spencer v. Wilson, No. 611-128, 2012 WL 2069658, at *4 (E.D. Ky. June 8, 2012). Plaintiff himself admits that the Defendants did not have the ability to get the Plaintiff cosmetic dental work, therefore their lack of effort does not amount to a wanton infliction of pain as required under the Eighth Amendment. At most, the Defendants may have been negligent by not fully explaining all remedies available to the Plaintiff, but negligence alone does not rise to a cognizable Eighth Amendment violation. see Bell v. Ward, 88 F. App'x 124, 127 (7th Cir. 2004) (shown that jail officials were negligent, but negligence alone is not enough to support a claim of

6

deliberate indifference.). Plaintiff has presented no evidence that Defendants acted with a culpable state of mind or were deliberately indifferent to the Plaintiff's health and safety. As such, summary judgment in favor of Defendants is appropriate on this ground as well.

B.  Summary Judgment is also appropriate because Defendants are entitled to qualified immunity.

"Qualified immunity protects public officials from liability for civil damages if their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Martin v. City of Broadview Heights, 712 F.3d 951, 957 (6th Cir. 2013) (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009)). Courts follow a two-prong analysis to determine whether a public official is entitled to qualified immunity. Pearson, 555 U.S. at 232. First, do the facts shown make out a violation of a constitutional right, and second, was the right at issue clearly established at the time of defendant's alleged misconduct. Id. If either prong is not satisfied, meaning either there is no violation of a constitutional right or the right at issue was not clearly established, the official is entitled to qualified immunity. Martin, 712 F. 3d at 957. Under the Supreme Court's holding in Pearson, courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 555 U.S. at 236.

In this case, it is beneficial to begin with the first prong because a determination of whether Plaintiff has shown facts that make out a violation of a constitutional right ends the Court's inquiry. As explained above, Defendants' failure in not fully expounding on the all remedies available to the Plaintiff in regard to obtaining cosmetic dental work for his chipped tooth, does not constitute a violation of the Plaintiff's Eighth Amendment rights. Accordingly, the Plaintiff has not shown a violation of a constitutional right and, consequently, the Defendants are entitled to qualified

immunity and cannot be held liable for Plaintiff's claims. see e.g., Hall v. Letcher Cnty. Fiscal Court, No. 08-163, 2009 WL 4729953, at *8 (E.D. Ky. Dec. 9, 2009) (holding that defendants were entitled to qualified immunity where plaintiff failed to establish jail conditions violated his Eighth Amendment rights.).  Summary judgment is therefore also appropriate on this basis.

## IV. CONCLUSION

For the reasons stated above, it is recommended that the Plaintiff's Motion for Summary Judgment [R. 32] be DENIED and that the Defendants' Motion for Summary Judgment [R. 30] be GRANTED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed February 24, 2015.



Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge